IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LAVARES JACKSON                                                 MOVANT

V.                                                     NO. 1:18-CR-00135-GHD-DAS

UNITED STATES OF AMERICA                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

Federal inmate Lavares Jackson has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, to which Jackson has filed a reply. The matter is now ripe for resolution. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Jackson's motion will be denied.

## Background Facts and Procedural History

On October 24, 2018, Lavares Jackson was indicted in the Northern District of Mississippi on three counts involving conspiracy to traffic drugs, launder money and travel in interstate commerce to distribute drug proceeds. Doc. # 1. On June 3, 2019, during a Change of Plea Hearing, Jackson pleaded guilty to Counts One and Two of the Indictment which charged him with (1) conspiracy to distribute and possess with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956, respectively.[2] Doc. # 85; *see also* Doc. # 1.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

[2] On the government's motion, the Court dismissed the remaining counts charged against him in the indictment. Doc. #s 162, 202 p. 12.

Under the terms of the plea agreement entered into between Jackson and the government, and accepted by the Court, Jackson waived his rights to appeal and collaterally attack his conviction or sentence, in the event that a §5K1.1 motion was filed by the government and granted by the Court. Doc. #s 84, 85.

Following the acceptance of Jackson's guilty plea, the Court ordered the preparation of a presentence investigation report ("PSR"). Doc. # 87. On August 5, 2019, after reviewing the completed PSR, Jackson filed a motion to withdraw his guilty plea. Doc. # 115. Days later, on August 13, 2019, Jackson filed a "Notice of Withdrawal of Motion to Withdraw Guilty Plea." Doc. # 125. Attached to this notice was a document signed by Jackson in which he averred that, after consulting with counsel and correspondence with the government, he was satisfied with the conclusions of the PSR and wished to proceed to sentencing. *Id.* The Court subsequently entered an order withdrawing Jackson's motion to withdraw guilty plea on August 14, 2019. Doc. # 126.

Jackson appeared with counsel for sentencing on September 5, 2019. Doc. # 162. Prior to the sentencing hearing, Jackson filed numerous objections to the PSR. Doc. #s 133, 134. At the hearing, however, Jackson withdrew all such objections and presented the Court with a signed document to that effect. Doc. #s 161, 202 p. 2-3. As all objections had been withdrawn, the Court adopted the PSR in full. Doc. # 202, p. 4. The government moved for a downward departure pursuant to Section 5K1.1 of the Federal Sentencing Guideline for Jackson's substantial assistance, which the Court granted. Doc. #s 143, 202 p. 10. On September 10, 2019, the Court entered a Final Judgment and sentenced Jackson to one hundred and fifty-six (156) months on each count, to be served concurrently. Doc. # 166. The sentence imposed was

seventy-nine (79) months *less* than Jackson's guideline range as calculated in the PSR. Doc. 3 202, p. 7-8, 10.

On November 9, 2019, Jackson filed a timely *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. # 181. In said motion, Jackson asserts three grounds for relief, all of which purportedly relate to ineffective assistance of counsel. *Id.* The government filed a response in opposition on January 21, 2020. Doc. # 207. Jackson filed his reply on February 12, 2020. Doc. # 211. The matter is now ripe for resolution.

## Legal Standard

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude. *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Accordingly, relief under § 2255 is reserved for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

It is well-settled that as long as a waiver is knowing and voluntary, a defendant may waive his statutory right to appeal and seek post-conviction relief as part of a plea agreement. *See, e.g. United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992); *see also Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987) (finding that a defendant may waive constitutional rights as a part of a plea agreement). To be knowing and voluntary, the defendant must know that he had a right to appeal and was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Where a defendant indicates that he has read the plea agreement, and understands it, and it contains "an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Only claims of ineffective assistance of counsel directly affecting the validity of the waiver or the plea itself survive a knowing and voluntary waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).[3]

On May 4, 2019, Petitioner, represented by counsel, signed a plea agreement and supplement with the Government that contains the following provision:

> (c). Waiver of Appeal if § 5K1.1 motion is filed and granted: In the event the Government does file a § 5K1.1 motion, the defendant understands that the motion is not binding on the Court and that if the Court does not grant the motion, the defendant will not be allowed to withdraw the plea of guilty. The defendant further understands that in the event a motion for a downward departure pursuant to § 5K1.1 is filed and granted, Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which the sentence was imposed, on any ground whatsoever, including but limited to the grounds set forth in 18 U.S.C. § 3742, except to claims relating to prosecutorial misconduct and ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself. If a § 5K1.1 is filed and granted, Defendant also expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in

---

[3] Moreover, when a petitioner enters a guilty plea, as has been done here, he waives all claims of ineffective assistance of counsel except those that relate to the voluntariness of the plea itself. *See United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008).

4

any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255 except to claims relating to prosecutorial misconduct and ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. Defendant understands and agrees that the United States does not waive its right to appeal.

*See* Doc. # 84, p. 2-3. The agreement further provided that "[t]he defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion." *See* Doc. # 83, p. 3.

On June 3, 2019, during a Change of Plea hearing, the Court found Jackson competent to enter a plea. Doc. # 80, p. 4. After a finding of competency, the Court inquired about Jackson's representation as follows:

> THE COURT: . . . Mr. Jackson, have you had ample opportunity to confer with your attorney, Mr. Levidiotis, concerning this matter?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you satisfied with your attorney's representation?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you believe that your attorney's competently represented your best interests in this case?
>
> THE DEFENDANT: Yes.

*Id.* at 4-5. The Court then questioned Jackson to ensure that he understood the rights that he was abandoning by entry of his plea and Jackson affirmatively stated that he understood the rights that he would be giving up by entering a plea of guilty. *Id.* at 5-6. The Court further asked Jackson if he understood the nature of the charges against him, which he answered in the affirmative. *Id.* at 7-8. Jackson additionally confirmed that he understood the potential penalties for the underlying charges. *Id.* at 9-13.

The prosecution later read the plea agreement into the record. *Id.* at 15-17. In doing so, the government explained "if the U.S. Attorney files a 5k and it's granted by the Court, the defendant would be waiving any right to appeal except for claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea. And that would be . . . any appeal under 28 U.S.C. 2255 . . . ." *Id.* at 17. The following exchange then occurred:

> THE COURT: Now, Mr. Jackson, Mr. Levidiotis, do you agree that the substance of this plea agreement has been correctly stated here in Court?
>
> THE DEFENDANT: Yes, Your Honor.
>
> MR. LEVIDIOTIS: Yes, Your Honor.
>
> THE COURT: Mr. Jackson, has anyone made any promise or promises to you other than contained in this plea agreement that have induced you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.

*Id.* The government subsequently read into the record the facts it intended to prove should the case go to trial, and those facts, if proven beyond reasonable doubt, would have led to a conviction. *Id.* at 18-20. Following this colloquy, Jackson entered a plea of guilty to Counts One and Two of the Indictment, which the Court accepted. *Id.* at 21.

Despite his affirmations to the Court that he was satisfied with representation, Jackson now alleges that counsel was ineffective in (1) failing to file a motion to dismiss; (2) failing to properly investigate and conduct research; and (3) failing to object during the plea colloquy. Jackson's assertions, however, do not indicate that counsel's actions affected the validity of the waiver contained in the underlying plea agreement nor the guilty plea itself. And while Jackson presently argues, in conclusory fashion, that he "unwillingly and unintelligently pled guilty," his affirmations during the Change of Plea hearing prove otherwise. To be sure, "[a] defendant's

sworn statements in open court are entitled to a strong presumption of truthfulness." *Barba-Ortiz v. United States*, 2014 WL 6982606, at *2 (S.D. Miss. Dec. 9, 2014) (citing *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001)). "Moreover, the Fifth Circuit affords 'great weight to the defendant's statements at the plea colloquy.'" *Id.* (citing *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)). In the instant motion, Jackson does *not* argue that his averments to the Court (during the Change of Plea hearing) were false. Thus, under the circumstances presented here, the Court finds that Jackson's guilty plea and the waiver of his rights, as set forth in the plea agreement and supplement were knowingly and voluntary. *See Wilkes*, 20 F.3d at 653.

As explained above, Jackson waived his rights to appeal or collaterally attack his conviction or sentence *in the event* the government filed a § 5K1.1 motion and the Court granted said motion. The government did move for a downward departure under § 5K1.1 and the Court did grant that motion, imposing a sentence seventy-nine (79) months less than the guideline range calculated in the PSR. Consequently, the aforementioned waiver must be enforced.

The Court lastly notes that Jackson has noticeably framed his arguments as allegations of ineffective assistance of counsel in an effort to get around his waiver of rights to collaterally attack his conviction and sentence, and that his actual grievance is dissatisfaction with the length of the sentence imposed. In sum, as Jackson has not shown that the alleged ineffective assistance of counsel affected the validity of his plea or waiver, all claims contained in the instant § 2255 motion are waived.

## Certificate of Appealability

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules

Governing Section 2255 Proceedings for the United States District Courts. Mitchell must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). a COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in a § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## Conclusion

For the reasons set forth herein, Jackson's motion [181] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and a COA from the denial of his § 2255 motion is **DENIED**. A separate final judgment consistent with this memorandum opinion and order will enter today.

**SO ORDERED**, this the 24th day of March, 2020.

_____
**UNITED STATES DISTRICT JUDGE**