IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LAVARES JACKSON                                                                                        MOVANT

V.                                                                                    NO. 1:18-CR-00135-GHD-DAS

UNITED STATES OF AMERICA                                                                          RESPONDENT

### ORDER DENYING MOTION FOR RECONSIDERATION

Presently before the Court is the movant Lavares Jackson's *pro se* letter [228] in which he references a motion he previously filed under Section 2255. The Court interprets the instant filing [228], using the liberal standard for *pro se* litigants as set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for reconsideration of the Court's March 24, 2020, Memorandum Opinion and Order and Final Judgment denying Jackson's motion for relief under 28 U.S.C. § 2255. *See* Doc. #s 215, 216.

Courts typically treat motions to reconsider in criminal cases like those filed in civil suits and, consequently, employ the same standards when reviewing such motions. *See United States v. Presley*, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013) (citing *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citations omitted). Under Rule 60(b) of the Federal Rules of Civil Procedure,[1] a court can relieve a party from an order for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[1] Rule 60(b) controls because the instant motion was filed more than twenty-eight days after entry of the Court's order.

Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill v. McDermott*, 827 F.2d 1040, 1043 (5th Cir. 1987).

In the instant filing, Jackson merely opines that he believed his plea agreement meant that he would have received a downward departure from a lesser starting point, resulting in a shorter sentence. Beyond this, Jackson offers absolutely no substantive argument as to why reconsideration is warranted. Thus, utilizing the standard set forth above, the Court finds that reconsideration is not warranted. The instant motion [228] is, therefore, **DENIED.**

**SO ORDERED**, this the 30th day of November, 2021.

_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**